**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROBERT GERMAN,**

                  **Plaintiff,**

**-vs-**                                                        **Case No. 6:08-cv-845-Orl-22GJK**

**DONALD ESLINGER, STEVEN SOSA and**
**BRIAN PAPARO,**

                  **Defendant.**
_____

**ORDER**

Plaintiff's Complaint (Doc. No.1) asserts the following claims: violation of civil rights pursuant to 42 U.S.C. § 1983 (against Sosa and Paparo) (Counts I and II); unnecessary/excessive use of force (against Sosa and Paparo) (Count III); false arrest/false imprisonment (against Sosa and Paparo) (Count IV); false arrest/false imprisonment (against Eslinger) (Count V); battery/unnecessary use of force (against Eslinger) (Count VI); and malicious prosecution (against Sosa and Paparo) (Count VII).

*Sua sponte*[1], the Court will examine whether it should exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's claims founded on Florida law.

Title 28, United States Code, Section 1367 codifies the doctrines formerly known as pendent and ancillary jurisdiction. *See Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1562 n.3 (11th Cir. 1994); *James v. Sun Glass Hut of Cal., Inc.*, 799 F. Supp. 1083,

---

[1]*See Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1997 WL 312583 (9th Cir. June 12, 1997) (*en banc*; recognizing that although district court is not required to *sua sponte* consider whether to accept or decline supplemental jurisdiction, better practice is for it to do so), *supplemented by* 121 F.3d 714 (9th Cir. 1997)

1084 (D. Colo. 1992). Section 1367(c) lists specific circumstances in which a district court may decline to exercise supplemental jurisdiction over a state law claim joined with a claim over which the court has original jurisdiction. The district court may refuse to exercise supplemental jurisdiction if, *inter alia*, the state claim raises a "novel or complex issue of State law" or "substantially predominates over" the claim over which the Court has original jurisdiction. 28 U.S.C. § 1367(c)(1) & (2). Additionally, a district court may decline to exercise jurisdiction over a state claim if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." § 1367(c)(4). If, after examining the factors listed in § 1367(c), the district court "decides that it has the discretion . . . to decline jurisdiction . . . , it should consider the traditional rationales for pendent jurisdiction, including judicial economy and convenience, in deciding whether or not to exercise that jurisdiction." *Palmer*, 22 F.3d at 1569.

Courts considering supplemental jurisdiction have declined to exercise jurisdiction in cases in which the state claims require different or foreign elements of proof. *See James*, 799 F. Supp. at 1085 (declining to exercise supplemental jurisdiction over employee's state law claims where they substantially predominated over ADEA claim); *Gregory v. Southern New England Tel. Co.*, 896 F. Supp. 78, 84 (D. Conn. 1994) (declining to exercise supplemental (pendent party) jurisdiction over employee's state law claim against manager, where Title VII claim against manager had been dismissed and allegations against manager were wholly distinct from those against remaining defendant). Additionally, courts in this circuit have hesitated to exercise pendent jurisdiction over state claims which would only serve to introduce jury confusion and delay. *See Bennett v. Southern Marine Mgmt. Co.*,

531 F. Supp. 115, 117-18 (M.D. Fla. 1982) (combining Title VII and state tort and contract claims would cause confusion and delay, which is at odds with important federal policies underlying Title VII); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982) (affirming trial judge's exercise of discretion not to assert pendent party jurisdiction and deference to state court's resolution of the state law claim of assault and battery).  Finally, courts have pointed to differences in recoverable damages as a basis for refusing to exercise supplemental or pendent jurisdiction.  *See James*, 799 F. Supp. at 1085 ("all the state law claims involve damages not available under ADEA");  *Bennett v. Southern Marine Mgmt. Co.*, 531 F. Supp. at 117 ("[T]hese state claims also support theories of recovery unavailable under Title VII; presentation of additional elements of damages necessarily involves additional discovery and trial time").

Plaintiff's state law claims of battery, false arrest, false imprisonment, unnecessary and excessive use of force, and malicious prosecution involve elements of proof distinctly different from those associated with Plaintiff's federal civil rights claims.  Additionally, there are limitations on the amount of damages that may be recovered on the state claims. *See* Fla. Stat. § 768.28(5).  Further, to succeed on his federal claims, Plaintiff must prove the existence of a  municipal custom or policy, a requirement that does not apply to the state claims.  Moreover, the Court is convinced that trying the federal and state claims together would present a substantial risk of jury confusion.  Finally, the Court determines that the state law claims substantially predominate over the § 1983 claims.  Accordingly, after considering the other factors identified in *Palmer v. Hospital Authority of Randolph County*,

the Court determines that the exercise of supplemental jurisdiction over the state law claims would not be appropriate in this case.

Based on the foregoing, it is ORDERED as follows:

1. The Court declines to exercise supplemental jurisdiction over the claims of unnecessary/excessive use of force (against Sosa and Paparo) (Count III), false arrest/false imprisonment (against Sosa and Paparo) (Count IV) false arrest/false imprisonment (against Eslinger) (Count V), battery/unnecessary use of force (against Eslinger) (Count VI), and malicious prosecution (against Sosa and Paparo) (Count VII).

2. Counts III, IV, V, VI, and VII of the Complaint are DISMISSED, WITHOUT PREJUDICE. Pursuant to 28 U.S.C. § 1367(d), the limitations period for the claims asserted is tolled for a period of 30 days after the date of this Order.

3. No later than August 14, 2008 Plaintiff shall file an Amended Complaint alleging only his claims under 42 U.S.C. §1983.

4. The Motion to Dismiss by Defendant Sheriff Eslinger (Doc. No. 5) is DENIED without prejudice to refile in response to the Amended Complaint, if appropriate.

5. The Motion to Dismiss by Defendants Sosa and Paparo (Doc. No. 8) is DENIED without prejudice to refile in response to the Amended Complaint, if appropriate.

6. The Amended Motion for Leave of Court to Amend Complaint (Doc. No. 15) is DENIED as moot.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on July 25, 2008.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record